UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MACHUCA,<br><br>Petitioner,<br><br>v.<br><br>M. ELIOT SPEARMAN, Warden,<br><br>Respondent. | No. 2:19-cv-01257 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 28, 2019, respondent filed and served a motion to dismiss this action on the ground it was filed after expiration of the one-year statute of limitations. ECF No. 11.

This court previously informed the parties that if the response to the petition was a motion, "petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty (30) days after service of the motion[.]" ECF No. 9 at 2. According three additional days for service of respondent's motion on petitioner by mail, see Fed. R. Civ. P. 6(d), the deadline for petitioner to submit his opposition to prison authorities for mailing[1] was Monday,

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date it was signed by the prisoner and given to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1

December 2, 2019.[2]

Had petitioner timely submitted his opposition for mailing by December 2, 2019, it would have been received by the court by now, more than two weeks later. It is clear to the undersigned that petitioner has failed to oppose respondent's motion.

Petitioner is informed of the following legal authority. Local Rule 230(l) provides: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rule 41(b), Federal Rules of Civil Procedure, authorizes the dismissal of an action due to petitioner's failure to prosecute.

Pursuant to this authority, the undersigned will recommend that this action be dismissed without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b). Petitioner will be provided twenty-one (21) days to file objections. Should petitioner file objections, he shall simultaneously file and serve his opposition to respondent's motion.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also file and serve his opposition to respondent's pending motion to dismiss. The parties

---

[2] The last day of this period expired on Saturday, November 30, 2019. Under Fed. R. Civ. P. 6(a)(1)(C), when a deadline falls on a weekend or legal holiday, it is continued to the end of the next day that is not a Saturday, Sunday or legal holiday.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE