UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MACHUCA, | No. 2:19-cv-01257 KJM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. ELIOT SPEARMAN, Warden, | |
| Respondent. | |

**I.     Introduction**

Petitioner Alejandro Machuca is a state prisoner incarcerated at High Desert State Prison (HDSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR).  Petitioner proceeds pro se and in forma pauperis with this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  See ECF No. 1.  This case challenges a February 17, 2012 administrative disciplinary decision finding petitioner guilty of "Battery on [an] Inmate with Weapon Requiring Use of Force," a Division A-1 offense that resulted in petitioner's forfeiture of 360 days good time credits and placement in the Security Housing Unit (SHU) for fifteen months.  See ECF No. 1 at 25; see also Cal. Code Regs. tit. 15, § 3323(b)(4).  Petitioner claims that he was denied due process because there was insufficient evidence to support the guilty finding.  He seeks an order of this court directing CDCR to modify the disciplinary finding to "Participation in

////

a Riot," a Division D offense subject to no more than 90 days credit forfeiture. See ECF No. 1 at 7; see also Cal. Code Regs. tit. 15, § 3323(f)(2).

Presently pending is respondent's motion to dismiss this action on the ground it was commenced beyond the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d).  ECF No. 11.  Petitioner opposes the motion on the ground that he is "actually innocent" of the disciplinary charge for which he was convicted (a claim also advanced in his petition), which he contends entitles him to an equitable exception to AEDPA's statute of limitations.  ECF No. 15.  Respondent has filed a reply.  ECF No. 18.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the following reasons, the undersigned recommends that respondent's motion to dismiss be granted.

**II.   Chronology**

The following dates and record facts are pertinent to the court's analysis.

- Petitioner is serving a 14-year determinate prison sentence following his 2011 trial court conviction for assault with a deadly weapon with a firearm enhancement.  Rp. Ex. A (Abstract of Judgment) (ECF No. 11-1 at 2).

- On February 17, 2012, petitioner was found guilty in a prison disciplinary proceeding of "Battery on [an] Inmate with Weapon Requiring Use of Force," a Division A-1 offense resulting in a forfeiture of 360 days behavior credits.  Pr. Ex. 1 (ECF No. 1 at 25).

- Petitioner challenged his disciplinary conviction through the prison administrative grievance process as follows:

    - Petitioner submitted Inmate Appeal Log No. CBU-C-12-0714 on March 26, 2012; First Level Review was bypassed.  Pr. Ex. 4 (ECF No. 1 at 34-7).

    - Petitioner's appeal was denied on Second Level Review on April 11, 2012.  Pr. Ex. 5 (ECF No. 1 at 39-42).

    - Petitioner did not exhaust his appeal at final Third Level Review (TLR), despite his repeated efforts.  See Petition (ECF No. 1 at 18-20 and petitioner's exhibits cited therein).  Petitioner's appeal was initially rejected on TLR, on July 13, 2012, for

2

missing supporting documentation. Pr. Ex. 6 (ECF No. 1 at 36, 44). Petitioner's request for extended time was denied on September 6, 2012, but he was advised to provide a supported explanation of the reasons for his delay when he resubmitted his appeal. Pr. Ex. 7 (ECF No. 1 at 46). Petitioner's efforts to obtain an official statement in support of his delay were unsuccessful and petitioner decided that further pursuit of his appeal would be futile. ECF No. 1 at 19, 48.

- Petitioner next challenged his disciplinary conviction in the state courts, as set forth below:[1]

  - On September 12, 2017,[2] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court (Case No. 17HC00370). Rp. Ex. C (ECF No. 11-3 at 2-228). On October 25, 2017, the Superior Court denied the petition as procedurally barred based on untimeliness and failure to exhaust administrative remedies. Rp Ex. D (ECF No. 11-4 at 2-5).

  - On November 27, 2017, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District (Case No. C086052). Rp. Ex. E (ECF No. 12-1 at 2-135). On December 14, 2017, the petition was summarily denied. Rp Ex. F (ECF No. 12-2 at 2).

  - On September 10, 2018, petitioner filed a petition for writ of habeas corpus in the California Supreme Court (Case No. S251269). Rp. Ex. G (ECF No. 12-3 at

---

[1] In addition to the court's own docket and the exhibits provided by the parties, this court has reviewed petitioner's cases as reflected in the Case Information website operated by the California Supreme Court. See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] To the extent practicable, plaintiff's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date it was signed by the prisoner and given to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates). In the instant case, petitioner signed his Superior Court petition on August 27, 2017, but did not submit it for mailing until September 12, 2017. See ECF No. 11-3 at 7-8.

2-41). On February 20, 2019, the petition was summarily denied. Rp. Ex. H (ECF No. 12-4 at 2).

- Petitioner also sought to pursue a petition for review in the California Supreme Court that was rejected as untimely. Rp. Ex. G (ECF No. 12-3 at 34-41).
- Petitioner filed the instant federal petition on July 2, 2019.

### III.     Discussion

#### A.     Statute of Limitations

##### 1.     Legal Standards

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period is commenced by one of four trigger dates. See id. Because petitioner is challenging a state administrative decision, AEDPA's one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). See Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004) (disciplinary decision); accord, Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003) (parole decision). "[U]nder Redd and Shelby, when a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (citing Section 2244(d)(1)(D)). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for

////

4

1  such habeas claims." Id. at 1172 (emphasis added) (citing Shelby, 391 F.3d at 1066, and Redd,
2  343 F.3d at 1085).

3      The limitations period is statutorily tolled during the time in which "a properly filed
4  application for State post-conviction or other collateral review with respect to the pertinent
5  judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). When pertinent, "[t]he period
6  between a California lower court's denial of review and the filing of an original petition in a
7  higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is
8  timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey
9  v. Saffold, 536 U.S. 214, 216-17 (2002). However, there is no statutory tolling for the period
10 between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533
11 U.S. 167 (2001).

12     In general, the limitations period may be equitably tolled if a petitioner establishes "'(1)
13 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood
14 in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting
15 Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of proving
16 application of equitable tolling under these circumstances. Banjo, 614 F.3d at 967 (citations
17 omitted).

18     **2.**    **Analysis**

19     As set forth above, because petitioner is challenging a state administrative decision – his
20 disciplinary conviction – AEDPA's one-year limitations period commences on "the date on
21 which the factual predicate of the claim or claims presented could have been discovered through
22 the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent contends that the statute
23 of limitations "began to run following [petitioner's] receipt of the September 6, 2012 letter from
24 the director's level advising him he could submit his tardy response with an explanation, after he
25 declined to resubmit the appeal." ECF No. 11 at 4. Petitioner does not address this contention in
26 opposition to respondent's motion. See generally ECF No. 15.

27     The Ninth Circuit has not addressed how to identify the factual predicate for an
28 administrative decision that was not challenged through the exhaustion of available administrative

5

remedies. There is, however, some limited precedent in this district court. At one extreme is the scenario where a petitioner did not attempt to pursue his administrative remedies. Under such circumstances, it is generally agreed that the factual predicate is the date of the challenged administrative (disciplinary) decision itself. See Sneed v. Spearman, 2019 WL 1438552, at *4, 2019 U.S. Dist. LEXIS 55900 (E.D. Cal. Apr. 1, 2019) and citations therein, report and recommendation adopted May 21, 2019 (Case No. 2:18-cv-0506 MCE KJN P).

In another habeas case where a petitioner partially exhausted his administrative remedies, the undersigned found that "when an inmate diligently attempts to comply with applicable administrative procedures to exhaust his administrative remedies, but fails to complete the process, the latest rejection or cancellation notice may constitute the factual predicate under Section 2244(d)(1)(D)." Bouie v. Fox, 2018 WL 4352877, at *4, 2018 U.S. Dist. LEXIS 155752 (E.D. Cal. Sept. 12, 2018) (Case No. 2:17-cv-2044 TLN AC P), report and recommendation adopted, 2018 WL 10741485, 2018 U.S. Dist. LEXIS 236621 (E.D. Cal. Dec. 20, 2018). This court reasoned in pertinent part:

> [R]espondent contends that the limitations period runs from the February 28, 2014 notice informing petitioner that his original appeal was cancelled. However, at that point further administrative remedies remained available. Under California law, the cancellation of an appeal is separately appealable. Cal. Code Regs. tit. 15, § 3084.6(e). Petitioner availed himself of this administrative remedy by submitting Appeal Log No. DVI 14-02004. The cancellation of this appeal [on July 28, 2014] was the administrative decision that foreclosed substantive review of petitioner's original appeal and therefore reconsideration of his disciplinary conviction. With this decision, petitioner had no further administrative remedies and his disciplinary conviction became administratively final. [¶] This reasoning supports a finding that July 28, 2014 is the latest date petitioner discovered the factual predicate for his habeas claims "through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under this construction, the one-year limitations period commenced the following day, on July 29, 2014.

Bouie v. Fox, 2018 WL 4352877, at *5.

In the instant case, petitioner initially complied with his prison's procedures in an effort to exhaust his administrative remedies, but he failed to complete the process. Petitioner submitted his inmate appeal on March 26, 2012; First Level Review was bypassed; the appeal was denied on Second Level Review on April 11, 2012. Petitioner's appeal was rejected on Third Level

6

1 Review (TLR) on July 13, 2012, for missing supporting documentation. Petitioner requested
2 additional time to submit the documentation, which was denied on September 6, 2012; however,
3 petitioner was informed that he could again request additional time if he submitted a supported
4 explanation for his delay with a renewed request for TLR. ECF No. 1 at 46. Sometime thereafter
5 petitioner decided that the effort would be futile.

6 Under this court's reasoning in Bouie, which construed "the latest rejection or cancellation
7 notice" as the factual predicate under Section 2244(d)(1)(D) when a petitioner commences but
8 does not complete the administrative review process, Bouie, 2018 WL 4352877, at *4, the most
9 appropriate date in the instant case is, as respondent suggests, September 6, 2012. Although
10 further administrative review remained a possibility, petitioner chose not to pursue it; he ceased
11 "the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

12 Under this construction, the one-year federal limitations period commenced the following
13 day, September 7, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)
14 (commencement of period excludes the day of the event that triggered the period, by application
15 of Fed. R. Civ. P. 6(a)(1)(A)). Therefore, absent statutory or equitable tolling, petitioner had until
16 September 6, 2013 to commence a federal habeas action. 28 U.S.C. § 2254

17 Petitioner is not entitled to statutory tolling because he did not file his first state petition
18 until September 12, 2017, more than four years after expiration of the federal statute of
19 limitations. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has
20 ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
21 2003) (citation omitted). Petitioner's argument that he is entitled to tolling during the subsequent
22 nine-month period between issuance of the state Court of Appeal decision and petitioner's filing
23 of his California Supreme Court petition, ECF No. 15 at 7, is without merit.[3]

24 Petitioner does not contend that he is entitled to equitable tolling under the standards set
25 forth in Holland, 560 U.S. at 649, and Pace, 544 U.S. at 418. Rather, petitioner contends that he

---

[3] Petitioner's argument he is entitled to tolling due to his numerous transfers among institutions following his disciplinary conviction, ECF No. 15 at 3, is also without merit. Petitioner's exhibits showing his outgoing legal mail reflect no matters sent to any court until January 12, 2017, more than four years after the challenged conviction. Pr. Exs. 11-2 ( ECF No. 1 at 55-60).

is entitled to equitable tolling under the "actual innocence" exception applied in extraordinary circumstances to review a prisoner's challenge to his procedurally defaulted state court conviction.

### B. "Actual Innocence"

Petitioner contends that he is "actually innocent" of the charges that led to his disciplinary conviction, and therefore that the "miscarriage of justice" exception to AEDPA's statute of limitations excuses his untimely filing in this court under McQuiggin v. Perkins, 569 U.S. 383 (2013).

### 1. Legal Standards

In McQuiggin, petitioner Perkins challenged his first-degree murder conviction and sentence to state prison for life without the possibility of parole. In an untimely habeas petition Perkins alleged, inter alia, that his trial counsel was ineffective and submitted new evidence supporting his claim of actual innocence. The Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin, 569 U.S. at 392; see also Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (a credible claim of actual innocence may constitute an equitable exception to AEDPA's limitations period in an original habeas petition). The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare." McQuiggin, 569 U.S. at 386. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298 329 (1995) (pre-AEDPA decision creating an actual innocence exception to the limitations period on second or successive habeas petitions).

However, "it is unclear whether the actual-innocence exception may be applied to a prison disciplinary conviction." Scott v. Robertson, No. 17-CV-01290-JST, 2018 WL 4352950, at *3 (N.D. Cal. Sept. 11, 2018)[4] (citing Stuart v. Singh, No. 2:10-CV-2098 MCE KJN, 2011 WL

---

[4] A certificate of appealability was denied in Scott. See 2019 WL 3210349 (9th Cir. Apr. 25, 2019) (Case No. 19-15080).

8

2746096, at *4 n.4 (E.D. Cal. July 14, 2011)) (identifying four district court cases that assumed for purposes of analysis that the Schlup exception applied to prison disciplinary convictions but found the petitioner's evidence insufficient to demonstrate actual innocence). See also Jaime v. Harman, No. EDCV 11-01827 SS, 2012 WL 1463545, at *6 n.6 (C.D. Cal. Apr. 27, 2012) ("While the Court has found several unpublished cases applying the Schlup standard to disciplinary hearings, it has not been able to find any binding precedent holding that Schlup applies in this context."). This limited authority does not support petitioner's argument that the actual innocence exception recognized in McQuiggin applies to prison disciplinary convictions.

### 2.  **Analysis**

Even assuming application of the exception to the instant case, petitioner's evidence fails to meet the rigorous showing that is required. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" McQuiggin, 569 U.S. at 399 (quoting Schlup, 513 U.S. at 327). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup at 324.

Here petitioner asserts that the video evidence relied on to convict him – showing petitioner throwing a chair during a riot between Black and Hispanic inmates – was insufficient to sustain his conviction because it did not show what happened to the chair after it left petitioner's hands. Characterized as evidence depicting petitioner "throwing a chair and striking an unidentified inmate," the video does not show the alleged victim; nor was the alleged victim or his injury identified at petitioner's disciplinary hearing. Petitioner argues that he "had no choice but to defend himself because the riot erupted unexpectedly, and his cell was locked preventing him from running inside for safety. Any inmate involved used anything he could find in order to defend themselves and fight back such as chairs, crates, fans, brooms, etc." ECF No. 15 at 5. Petitioner argues that the hearing officer's finding petitioner used "unreasonable" or "disproportionate" force is unsupported because "a reasonable man would put himself at a

1  disadvantage [not] to fight back and greater odds to get hurt if he did not use such force to defend
2  himself." Id. at 6.

3  Petitioner contends that the weight of the evidence demonstrates he was innocent of the
4  charges against him because he was acting only in self-defense and that "a person acting in self-
5  defense cannot commit battery." Id. at 4. Petitioner cites, inter alia, People v. Sonier, 113 Cal.
6  App. 2d 277, 278 (1952) ("The justification of self-defense requires a double showing:  that
7  defendant was actually in fear of his life or serious bodily injury and that the conduct of the other
8  party was such as to produce that state of mind in a reasonable person.") (citation omitted); and
9  Vaughn v. Jones (1948) 31 Cal. 2d 586, 600 ("Generally stated, the force that one may use in
10  self-defense is that which reasonably appears necessary, in view of all the circumstances of the
11  case, to prevent the impending injury.") (citations and internal quotation marks omitted.).

12  These legal standards and the alleged limitations of the video evidence were known to
13  petitioner at the time of his disciplinary hearing, where he had the opportunity to present his
14  views. Petitioner has presented no affirmative evidence, and certainly no "new reliable
15  evidence," demonstrating his innocence, as required under McQuiggan and Shlup.  Even if the
16  exception applied, petitioner has not met his burden of demonstrating that "it is more likely than
17  not that no reasonable [hearing officer] juror would have found petitioner guilty." Schlup, 513
18  U.S. at 327. The undersigned finds, therefore, that petitioner is not entitled to equitable tolling
19  based on his claim of actual innocence, even assuming application of that exception to these
20  circumstances.

21  The undersigned further finds that petitioner's due process challenge is without merit
22  under the traditional analysis accorded to prison disciplinary convictions. Petitioner does not
23  allege that the procedures associated with his hearing were inadequate, see Wolff v. McDonnell,
24  418 U.S. 539, 563-72 (1974), only that the evidence was inadequate. However, the Supreme
25  Court has ruled that a finding of guilt resulting in a disciplinary conviction must only be
26  "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).
27  Petitioner's own description of the underlying circumstances and his concession that he threw a
28  ////

chair in self-defense are certainly "some evidence."  There has been no fundamental miscarriage of justice in this case.

Therefore, the undersigned finds that petitioner's argument he is "actually innocent" of the challenged disciplinary conviction is without merit, both in theory and in fact.

**IV.     Conclusion**

For the foregoing reasons, the undersigned finds that the instant federal petition was untimely filed under AEDPA's statute of limitations and should be dismissed on that basis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 11, be GRANTED; and

2. This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: August 11, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE